UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FREDERICK M. HILL,** | ) | **CASE NO. 5:19-cv-1640** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WARDEN HAROLD MAY,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Petitioner's Motion for Appointment of Counsel.

(ECF # 29.)  Petitioner asserts that counsel is required for "investigative work, specifically

obtaining and reviewing Detective Jesse Gambs' April 2017 search warrant" related to a

warehouse rented by Petitioner.  The search of the warehouse resulted in the discovery of more

than 62,000 grams of marijuana from a grow operation.

Prior to his state court trial, Petitioner, through counsel, filed a preliminary motion to

suppress evidence obtained from searches performed of the warehouse and his residence.  (ECF

# 21-2, Exhibit 6).  Petitioner argued that the searches violated his rights under the Fourth and

Fourteenth Amendments, as well as Article I, Section 14 of the Ohio Constitution, because the

State lacked probable cause.  *Id.*  Petitioner also argued that any evidence obtained during or

subsequent to those searches was fruit of the poisonous tree and should be suppressed.  *Id.*  The

trial court did not rule on Petitioner's motion to suppress.  Instead, on July 10, 2017, the trial

court granted the motion of Petitioner's counsel to withdraw.  (ECF # 21-2, Exhibit 8).  On July

1

12, 2017, the trial court appointed new counsel to represent Petitioner.  (ECF # 21-2, Exhibit 9).

The Warden states that Petitioner's new counsel withdrew the motion to suppress at an August 7,

2017 hearing.  (ECF # 21, PageID #184).  While the transcript of that hearing is not in the

record, Petitioner does not dispute the Warden's assertion that his counsel withdrew the motion

to suppress.

Accordingly, the search warrant and affidavit in support of the request for the search

warrant are not part of the record.  Petitioner impliedly asserts the desire to present the

documents in support of his contention that he received ineffective assistance of trial counsel

related to the decision to withdraw the motion to suppress.

"The constitutional right to counsel in criminal proceedings provided by the Sixth

Amendment does not apply to an application for a writ of habeas corpus, which is a civil

proceeding." *Staple v. Lafler,* 2010 U.S. Dist. LEXIS 86803, 2010 WL 3341530, at \*2 (E.D.

Mich. Aug. 24, 2010) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)).  There is no

constitutional right to the appointment of counsel in civil cases and the Court has broad

discretion in determining whether counsel should be appointed.  *Childs v. Pellegrin*, 822 F.2d

1382, 1384 (6th Cir. 1987).  "The decision to appoint counsel for a federal habeas petitioner is

within the discretion of the court and is required only where the interests of justice or due

process so require."  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); see also 18 U.S.C. §

3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254

who are financially eligible whenever the court determines "that the interests of justice so

require").  The appointment of counsel is mandatory only when an evidentiary hearing is

required.  Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts

2

("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Petitioner cites the Magistrate Judge's observation that "[e]valuation of Petitioner's argument is complicated by the fact that neither the search warrant nor the affidavit appears in the record."  Despite the observed complication, the Magistrate Judge issued a thorough evaluation of Petitioner's ineffective assistance of counsel claim without knowledge of the contents of the search warrant and affidavit.

## CONCLUSION

At this stage of the proceedings the Court does not find that appointment of counsel to investigate the search warrant and affidavit is mandated by the interests of justice or due process. The contents of the search warrant and affidavit are not material to the Court's review of the Magistrate Judge's Report and Recommendation.  Petitioner's motion is **DENIED.**

**IT IS SO ORDERED.**

 /s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: May 2, 2023**

3